**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 10, 2024**

# In the Court of Appeals of Georgia

A23A0162. NORTH AMERICAN SENIOR BENEFITS, LLC v. WIMMER et al.

MᴄFADDEN, Presiding Judge.

This case is about construction of the provision in Georgia's Restrictive Covenants Act under which "contracts that restrict competition during the term of a restrictive covenant" are enforceable "so long as such restrictions are reasonable in time, geographic area, and scope of prohibited activities." OCGA § 13-8-53 (a). We construed that provision to require "an expressly stated geographic area." *North American Senior Benefits v. Wimmer*, 368 Ga. App. 124, 126 (2) (889 SE2d 361) (2023).

Our Supreme Court reversed, holding that subsection (a) does not require "an explicit geographic term." *North American Senior Benefits v. Wimmer*, ___ Ga. ___ , ___ (2) (___ SE2d ___) (Case No. S23G1146, decided Sept. 4, 2024). Rather, "a

covenant's geographic area" may be "expressed in implied terms." Id. Indeed, the "question boils down to" reasonableness "in light of all the circumstances," and the non-recruitment covenant at issue may be found reasonable, "regardless of the employee's location." Id. at ___. The Supreme Court remanded the case to us, directed us to reverse the judgment of the State-wide Business Court and to remand so that the Business Court could assess in the first instance whether the restrictive covenant at issue is reasonable under OCGA § 13-8-53 (a). ___ Ga. at ___ (2).

Accordingly, we adopt the Supreme Court's opinion as our own, reverse the judgment of the State-wide Business Court, and remand to the State-wide Business Court for proceedings consistent with the opinion of our Supreme Court.

*Judgment reversed and case remanded. Brown and Markle, JJ., concur.*